**In the Matter of: Earl JONES, Debtor,**

**Earl Jones, Appellant,**

**v.**

**Karl T. Anderson;  et al., Appellees.**

**No. 07–55021.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 23, 2009.

Earl Jones, Perris, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Polis, Esq., Polis & Associates, Irvine, CA, for Appellees.

Steve Odell Jones, Perris, CA, pro se.

Keith Alexander Jones, Perris, CA, pro se.

Adele Jones Dingle, Perris, CA, pro se.

Daniel Edward Jones, Perris, CA, pro se.

Evan Jones, Perris, CA, pro se.

Robert Earl Jones, Perris, CA, pro se.

Billie Joyce Jones, Perris, CA, pro se.

UST/Riverside, Office of the U.S. Trustee, Riverside, CA, pro se.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Earl Jones appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's orders concluding that adversary proceedings against Jones and others to avoid the postpetition recordation of deeds of trust were core matters. We have jurisdiction under 28 U.S.C. § 1291. We review BAP decisions de novo and apply the same standard that the BAP uses to review bankruptcy court decisions. *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir.2000). The BAP reviews de novo the bankruptcy court's subject matter jurisdiction. *Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.)*, 90 F.3d 1472, 1475 (9th Cir.1996). We affirm.

** This disposition is not appropriate for publi-

The BAP properly concluded that the bankruptcy court had jurisdiction to enter final orders and judgments in the adversary proceedings because the proceedings were core matters. *See* 28 U.S.C. § 157(b)(2)(E), (H), and (K) (defining core matters to include those that determine the validity, extent, or priority of liens; that determine, avoid or recover fraudulent conveyances; and actions to turn over property to the estate).

Jones did not appeal the bankruptcy court's judgment in the adversary proceedings and we therefore lack jurisdiction to consider any contentions concerning its merits. *See* Fed. R.App. P. 4(a).

Jones's remaining contentions are unpersuasive.

**AFFIRMED.**